[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant, Gregory Hall, appeals the judgment of the Hamilton County Municipal Court convicting him of menacing by stalking and aggravated menacing. He was convicted of the offenses following a bench trial conducted in October 1998.
In his sole assignment of error, Hall contends that the convictions were based upon insufficient evidence and were contrary to the manifest weight of the evidence. We find no merit in the assignment.
In the review of the sufficiency of the evidence to support a criminal conviction, the relevant inquiry for the appellate court "is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[1] To reverse a conviction as against the manifest weight of the evidence, a reviewing court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and conclude that, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created a manifest miscarriage of justice.[2]
The menacing-by-stalking statute, R.C. 2903.211, provides that "[n]o person by engaging in a pattern of conduct shall knowingly cause another to believe that the offender will cause physical harm to the other person * * *." R.C. 2903.21, governing aggravated menacing, provides that "[n]o person shall knowingly cause another to believe that the offender will cause serious physical harm to * * * a member of the other person's immediate family."
In the case at bar, we cannot say that the convictions were based upon insufficient evidence or were contrary to the weight of the evidence. As to the menacing-by-stalking charge, the prosecution presented evidence that, during the period of time from September 1997 through May 1998, Hall engaged in a pattern of conduct that made the victim, Theresa Wimmer, believe that he would cause her physical harm. Among other acts, Hall repeatedly made obscene gestures toward Wimmer, caused his vehicle to swerve toward Wimmer's when they passed in the street, and followed Wimmer to her place of employment. Thus, the state presented ample evidence upon which the trial court could have based its finding of guilty.
Concerning the aggravated menacing charge, the prosecution presented evidence that Hall backed his truck out of his driveway and nearly struck Wimmer's son, Joseph. There was evidence that Hall was aware that Joseph was behind the truck and that Joseph had to jump off of his bicycle to avoid being injured. Wimmer testified that she saw the truck nearly strike Joseph after being alerted by the screeching of tires. She further testified that she feared that Hall was going to cause Joseph serious physical harm by his actions. The overt nature of Hall's actions, combined with the proximity of the incident to the Wimmer residence, could have permitted the trial court to conclude that Hall acted knowingly within the meaning of R.C. 2901.22(B) in causing Wimmer's apprehension of harm.
Although Hall presented evidence that he did not nearly strike Joseph and did not act with any criminal animus, we cannot say that the trial court lost its way in finding Hall guilty of the offense. Therefore, Hall's assignment of error is overruled, and the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Gorman and Painter, JJ.
 To the Clerk:
per order of the Court _______________________________.
_______________________________________________ Presiding Judge
[1] State v. Waddy (1992), 63 Ohio St.3d 424, 430, 588 N.E.2d 819,825.
[2] State v. Thompkins (1997), 78 Ohio St.3d 380, 386,678 N.E.2d 541, 546.